IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

**MICHELLE LOUIS,** Individually and
as Personal Representative of
**CHELSEY B. LOUIS,** Deceased,

    Plaintiffs,

v.                                                           No. CIV 96-1161 BB/DJS

**THE UNITED STATES OF AMERICA**,

    Defendant.

_____

                                                                                                        Consolidated With

**CONSUELO CARMONA, M.D.,**

    Plaintiff,

v.                                                           No. CIV 97-298 M/JHG

**MICHELLE LOUIS**, Individually
and as Personal Representative
of **CHELSEY B. LOUIS**, Deceased;
and **THE UNITED STATES OF AMERICA**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Consuelo Carmona's, M.D. ("Plaintiff") Motion for Leave to Amend Complaint for Declaratory Judgment filed August 11, 1998. Ms. Carmona appears as Plaintiff in <u>Carmona v. Louis, et al.</u>, No. CIV 97-0298 EM/JHG consolidated with <u>Louis v. United States, et al.</u>, No. CIV 96-1161. The Court has reviewed the submissions of

1

the parties and the relevant law and, for the reasons set forth below, finds the Motion for Leave to File Amended Complaint should be GRANTED.

1. **Factual and Procedural History**

Defendant Michelle Louis ("Defendant") has an action pending, filed October 18, 1996, against Dr. Carmona in The Acoma Pueblo Tribal Court based on the same alleged medical negligence claims she is currently pursuing in <u>Louis v. United States, et al.</u>, No. CIV 96-1161 BB/DJS.[1] In a separate action, Plaintiff filed a Complaint of Declaratory Judgment on March 6, 1997. Plaintiff asked this Court to enter judgment which declares that she was acting on behalf of the federal government within the scope of her employment as a federal employee in her care of Defendant Michelle Louis. Plaintiff alleges such a declaration would entitle her to all procedural and substantive rights and immunities provided to federal employees under the Federal Tort Claims Act (FTCA) and 28 U.S.C. § 1346(b)(1). (CIV 97-0298 Doc. 1).[2]

While the case was pending in this Court, Dr. Carmona invoked the jurisdiction of the Acoma Appellate Court and filed a petition for a Writ of Prohibition and Supervisory Control asking the Acoma Appellate Court to rule that the tribe had no subject matter jurisdiction over

---

[1] On November 12, 1997, Ms. Louis filed a Motion to Amend Complaint, including Dr. Carmona as a defendant in <u>Louis v. United States, et al.</u>, No. CIV 96-1161. (CIV 96-1161 Doc. 58).

[2] As noted supra, these cases were consolidated by the Court. (CIV 96-1161 Doc. 25).

2

Dr. Carmona.[3] The Acoma Appellate Court is a court of final review for the tribe.[4] On March 24, 1998 the tribal court issued an Opinion and Order concluding, "it is conceivable, if the federal court rules that Dr. Carmona is not covered by the Federal Tort Claims Act, that Acoma Pueblo Tribal Court would have subject matter jurisdiction over a medical negligence claim against [Dr. Carmona]." (CIV 96-1161 Doc. 97, Ex. B at 13 (Opinion and Order Acoma App. Ct.)). On August 11, 1998, Plaintiff filed an Opposed Motion for Leave to File an Amended Complaint seeking to challenge the Acoma Pueblo's continued exercise of subject matter jurisdiction over Ms. Louis' action against Plaintiff in The Acoma Pueblo Tribal Court. (CIV 96-1161 Doc. 95).

**2.      Standard to Amend Complaint**

The Federal Rules of Civil Procedure declare that leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). The decision to grant leave to amend a complaint is soundly within this Court's discretion. Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1494 (10th Cir. 1995). In Foman, the Supreme Court instructs a trial court's decision whether a party will be allowed to amend their complaint, stating:

---

[3] In their Order and Opinion the tribal court defines these terms: "A writ of prohibition is an order from the Tribal Council directing the Tribal Court to dismiss a case for lack of jurisdiction. A writ of supervisory control is an order from the Tribal Council directing the Tribal Court to take action or to refrain from taking action because of the extraordinary or unique aspects of a particular situation. (CIV 96-1161 Doc. 97, Ex. B at 7).

[4] Under Acoma law, all of the Tribal Council are members of the Pueblo's Appellate Judiciary with the following authority, "[t]he Tribal Council hereby delegates authority to receive and decide any appeal or petition for exercise of supervisory control of the Governor of the Pueblo. The Governor may request the full Tribal Council to make the final decision on any appeal or petition." (CIV 96-1161 Doc. 97, Ex. B at 7).

> "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be freely given."
> Foman, 371 U.S. at 182.

**3.     Discussion**

Defendant argues that Plaintiff's proposed amendment is futile because, in a proceeding initiated by Plaintiff, subject matter jurisdiction has already been determined by the Acoma Tribal Court. (CIV 96-1161 Doc. 97 at 5). Relying on Nat'l Farmers Union Co. v. Crow Tribe of Indians, 471 U.S. 845 (1985), Defendant asserts, "[t]his Court should give full faith and credit to the jurisdictional ruling by tribal court on this matter." Id.  In her brief, Defendant argues that once the Acoma Tribal Court has determined that jurisdiction exists in their court, a federal court should defer to it as a matter of law and not consider its own jurisdiction. That is clearly too broad a reading of Nat'l Farmers Union Co., especially considering the subsequent Supreme Court decision in Strate v. A-1 Contractors, 117 S.Ct. 1404, 520 U.S. 438 (1997).

A federal court may determine under 28 U.S.C. § 1331 whether a tribal court is within the lawful limits of jurisdiction. Nat'l Farmers Union Co., 471 U.S. at 853. However, a determination of whether a tribal court has the authority to exercise civil subject-matter jurisdiction over non-Indians "is not automatically foreclosed, as an extension of Oliphant would require." Id. at 855; see also, Oliphant v. Suquamish Indian Tribe, 435 U.S. 191 (1978)(federal courts are the forums for criminal actions against non-Indians).  Rather, the existence and extent of a tribal court's jurisdiction will require a careful examination of tribal sovereignty, conducted in the first instance

in the Tribal Court. Iowa Mutual Ins. Co. v. LaPlante, 480 U.S. 9, 21 (1987). The exhaustion rule, "encourage(s) tribal courts to explain to the parties the precise basis for accepting jurisdiction, and will also provide *other courts with the benefit of their expertise in such matters in the event of further review."* Id. (emphasis added). The exhaustion rule allows tribal courts to initially respond to a challenge of their jurisdiction, but it does not establish ultimate tribal adjudicatory authority. Strate, 117 S.Ct at 1404. This Court "do(es) not extract from National Farmers anything more than a prudential exhaustion rule, in deference to the capacity of tribal courts to explain to the parties the precise basis for accepting [or rejecting] jurisdiction." Id. at 1411 (internal quotations omitted). Therefore, this Court reserves the authority to review the jurisdictional decisions of the Acoma Tribal Court, once tribal remedies have been exhausted. This, however, does not end the discussion. The issue at this juncture is whether tribal remedies have been exhausted.

Both Plaintiff and Defendant are satisfied that this issue has been thoroughly adjudicated in tribal court.[5] However, the Acoma Appellate Court's conclusions concerning the Writ of Prohibition leaves a question as to whether the issue of jurisdiction was answered by the tribal court. That Court stated, "[u]nder these circumstances, the tribal council can not issue a writ of prohibition because it is *conceivable* that subject matter jurisdiction and personal jurisdiction could exist." (CIV 96-1161 Doc. 97, Ex. B at 13)(emphasis added). The tribal court stayed its

---

[5] Plaintiff states, "[t]he parties agree that the highest tribunal of Acoma Pueblo, The Acoma Pueblo Tribal Council, has decided that its tribal court has jurisdiction over Ms. Louis' medical malpractice claims against Dr. Carmona in the event that this Court determines that Dr. Carmona is not entitled to [FTCA] rights and immunities." (CIV 96-1161 Doc. 98). Defendant states, "Dr. Carmona has already raised and lost the issues of personal and subject matter jurisdiction before the Acoma Appellate Court." (CIV 96-1161 Doc. 97).

5

decision until this Court makes a ruling on Plaintiff's original declaratory judgment action. In this context, therefore, the use of the word "conceivable" may also indicate that the tribal court has not made a final determination of jurisdiction. In the order accompanying the opinion the court concludes, "[i]t is further ordered that upon conclusion of the federal proceedings, the Acoma Pueblo Tribal court shall determine whether any further tribal court proceedings would be appropriate, and enter an order stating the reason for its conclusion." Id. The issue thus becomes, does this order satisfy the exhaustion requirement of the Supreme Court.

A recent Tenth Circuit opinion, Enlow v. Moore, 134 F.3d 993 (10th Cir.1998), is very instructive on the exhaustion question. Enlow, a non-Indian, had a boundary dispute with members of the Muscogee (Creek) Nation. Defendant Moore, a Muscogee (Creek) Nation district judge, presided over the tribal court case quieting title to Enlow's land. In tribal court, Enlow filed a motion to dismiss the complaint alleging that the tribal court lacked jurisdiction. After the tribal court denied Enlow's motion, he filed an interlocutory appeal to the Supreme Court of the Muscogee (Creek) Nation, which affirmed. In the meantime, Enlow filed his own quiet title action in state court, followed by a federal action seeking an injunction against Moore to prevent him from assuming jurisdiction over the dispute. The federal district court dismissed the case, concluding that tribal court remedies had not been exhausted because the tribal court had yet to develop a factual record regarding the location of the disputed boundary line. Enlow, 134 F.3d at 993-95. The Tenth Circuit found that the district court's dismissal of the case based on the exhaustion doctrine was reversible error. Id. at 995. The Court of Appeals concluded, "the highest tribal court had the opportunity to review the determinations of the lower tribal court, thus exhausting Enlow's tribal court remedies." Id. at 996 (citing Iowa Mutual Ins. Co. v.

LaPlante, 480 U.S. 9, 17 (1987) ("At a minimum, exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determination of the lower tribal courts"). In the current action, the highest court of the Acoma tribe has had an opportunity to review the determination of the lower court. Id.  Its decision was conditional. It appears from the Acoma Appellate Court's order, that if this Court rules that Dr. Carmona does not fall under the FTCA, the tribal court will likely assume jurisdiction of the pending claim by Ms. Louis. At this juncture, then, Dr. Carmona has thus exhausted her tribal remedies on the issue of jurisdiction. The Court finds that none of the reasons set forth in Foman, supporting denying a request to amend, exist in this current action. Foman, 371 U.S. at 182.   Plaintiff will be allowed to amend her complaint.

## ORDER

For the above stated reasons, Plaintiff Consuelo Carmona's Motion for Leave to Amend Complaint for Declaratory Judgment (CIV 96-1161 Doc. 95) is **GRANTED**.

Dated at Albuquerque this 28th day of October, 1998.

BRUCE D. BLACK
United States District Judge

Counsel for Plaintiff
Gregory W. Chase
Robin A. Goble
Miller, Stratvert & Torgerson, P.S.
P.O. Box 25687
Albuquerque, New Mexico 87125

Counsel for Defendant
Randi McGinn
420 Central S.W.- Suite 200
Albuquerque, New Mexico 87102

Counsel for the United States
Marilyn S. Hutton
U.S. Attorney's Office
P.O. Box 607
Albuquerque, New Mexico 87103