# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**MICHELLE LOUIS,** Individually and
as Personal Representative of
**CHELSEY B. LOUIS,** Deceased,

    Plaintiffs,

v.                                               No. CIV 96-1161 BB/DJS

**THE UNITED STATES OF AMERICA**;
**CONSUELO CARMONA, M.D.**,
Individually; and **DR. L.P. HAN,**
Individually,

    Defendants.

                                                               Consolidated With

**CONSUELO CARMONA, M.D.**,

    Plaintiff,

v.                                                No. CIV 97-298 M/JHG

**MICHELLE LOUIS**, Individually
and as Personal Representative
of **CHELSEY B. LOUIS**, Deceased;
and **THE UNITED STATES OF AMERICA**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

      THIS MATTER comes before the Court Plaintiff's Motion for Reconsideration, filed March 5, 1999 (Doc. 185). The Court has reviewed the motion, the memoranda submitted by the parties and the relevant authorities. The Court finds that the motion is not well taken and will be DENIED.

**Standard for Reconsideration**

Plaintiff correctly states the standard on a motion to reconsider: A motion to reconsider is appropriate when "(1) the court has made a manifest error of fact or law, (2) there is newly discovered evidence, or (3) there has been a change in the law." Williams v. Weber, 905 F.Supp. 1502, 1514 (D. Kan. 1995) (citations omitted); see also Klapprott v. U.S., 335 U.S. 601 (1949).

**Analysis**

Plaintiff maintains she "has newly discovered a fact that changes everything about the court's ruling in this case." (Plaintiff's Reply In Supp. at 2). This newly discovered evidence consists of an affidavit of Plaintiff's counsel reporting that an employee of the New Mexico Department of Insurance said that no New Mexico Hospital was covered by the New Mexico Medical Malpractice Act (NMMMA) in 1994.

The first problem with this newly discovered evidence is that Plaintiff fails to disclose why it was not or could not have been discovered earlier. A motion to reconsider cannot be used to present evidence that could have been adduced during pendency of the original motion. Petty v. Board of County Commissioners, 926 F. Supp. 162, 165 (D. Kan. 1996).

Even if this evidence from the New Mexico Insurance Department had been submitted on the original motion, however, there is a further question about the form of the evidence. Plaintiff submits an affidavit from her counsel Kimberly Richards reporting several "facts" she was told in a telephone conversation with Louise Vigil, someone Richards "understood...was a person designated and authorized by the State of New Mexico to provide information concerning which health care providers and hospitals had coverage under the New Mexico Medical Malpractice Act at any given time period." (Richards Aff. at 1). The question at issue, i.e. application of the

2

NMMMA damage cap, was submitted on a motion to dismiss or alternatively for summary judgment. Federal Rule of Civil Procedure 56(e) requires, "affidavits shall be made on personal knowledge, [and] shall set forth such factors as would be admissible in evidence." Affidavits of Plaintiff's counsel do not appear to meet this standard. Liesener v. Weslo, Inc., 775 F. Supp. 857 (D. Md. 1991); see also Goss v. Sullivan, 839 F. Supp. 1532 (D. Wyo. 1993) (statements clearly not based on personal knowledge should not be considered).

Finally, and most importantly, Plaintiff's conclusion drawn from this "newly discovered" evidence is clearly erroneous. Plaintiff's Motion for Reconsideration argues that this Court failed to consider that other hospitals in New Mexico have chosen to be self-insured rather than opt into the New Mexico Medical Malpractice Act ("NMMMA"). Plaintiff asserts that the Court's finding that the United States government ACL Hospital may claim New Mexico's cap on damages when "no other hospital in the state receives the benefit of the cap," is a denial of Ms. Louis' constitutional right to equal protection and due process of law. Thus Plaintiff concludes,

> If the court's previous ruling were to stand, it would mean that the only hospital patients in the state of New Mexico who could not fully recover damages inflicted by a hospital or its employees, would be Native American people treated at U.S. government-run hospitals.

(Plaintiff's Reply in Supp. at 2)

This is an incorrect statement. As the Government notes in its response, there are many other government hospitals in New Mexico, including veteran and military hospitals, in which non-Native American patients would be limited in their potential recovery by the cap. Moreover, the Court fails to see the relevance of why certain hospitals in New Mexico choose not to opt into a malpractice protection plan that is available to all of them for any given year.

3

Plaintiff's error in her second argument, explained previously in the Court's Opinion, is that state law is not relevant to an analysis of the federal government's liability in an FTCA suit. Reilly v. U.S., 863 F.2d 149, 162 (1st Cir. 1988). Without offering any new controlling case law, Plaintiff asks this Court to rule contrary to clearly enunciated precedent addressing application of statutory caps to the federal government. A motion to reconsider is not appropriate to re-argue an issue already decided by the Court. See Frederick v. Southeastern Penn. Transp. Auth., 926 F. Supp. 63, 64 (E.D. Pa.1996). Therefore, the limitation of damages provision contained in the NMMMA applies to FTCA claims for medical malpractice against the United States.

## ORDER

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Reconsideration (Doc. 185 ) be, and hereby is, DENIED.

Dated at Albuquerque this 25th day of March, 1999.

BRUCE D. BLACK
United States District Judge

Counsel for the United States
Marilyn S. Hutton
U.S. Attorney's Office
P.O. Box 607
Albuquerque, New Mexico 87103

Counsel for Michele K. Louis, individually
and as Personal Representative of the Estate of
Chelsey B. Louis, Deceased
Randi McGinn
420 Central S.W.- Suite 200
Albuquerque, New Mexico 87102

Attorneys for Consuelo Carmona, M.D.
Gregory W. Chase
Robin A. Goble
Miller, Stratvert & Torgerson, P.A.
P.O. Box 25687
Albuquerque, New Mexico 87125